IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | Criminal Action No. |
| | : | |
| v. | : | 06-198-2 |
| | : | |
| VINH GIA HIEP NGUYEN, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM AND INTERIM ORDER

**Anita B. Brody, J.**                                                                                  May 25, 2007

      At sentencing on May 21, 2007, Defendant Vinh Gia Hiep Nguyen requested relief under 18 U.S.C. § 3553(f).  18 U.S.C. § 3553(f) provides that a court may impose a sentence for certain drug offenses without regard to any statutory minimum sentence[1] if the court finds at sentencing that defendant meets five requirements.  *Id.*  These five requirements are:

    (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

    (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (3) the offense did not result in death or serious bodily injury to any person;

    (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

    (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense

---

     [1] Under § 2D1.1(b)(9) of the Sentencing Guidelines Calculation, a two point downward adjustment is also made.

1

or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). The Government conceded that Nguyen satisfied the first four requirements. 18 U.S.C. § 3553(f)(1)–(4). The Government contends, however, that Nguyen is ineligible for relief because he failed to satisfy the fifth requirement: specifically, that Nguyen has failed to truthfully provide to the Government all information and evidence he has concerning the offense or offenses that were part of a common scheme or plan. 18 U.S.C. § 3553(f)(5).

### Findings of Fact

1. The Government arrested Nguyen on March 28, 2006, after Nguyen received a duffle bag containing approximately $500,000 in United States currency in payment for approximately 130,000 ecstasy pills that Nguyen gave earlier that day to co-defendant drug courier Maurice Evans in Harrisburg, PA, for delivery to a customer in Philadelphia, PA, who proved to be a DEA cooperating witness.

2. The Government interviewed Nguyen on March 28, 2006, following his arrest. Nguyen submitted proffers to the Government on April 10 and June 13, 2006. On May 18, 2007, Nguyen submitted a letter detailing his version of the facts as an attachment to Defendant's Supplemental Sentencing Memorandum and Motion for Downward Departure.

3. Nguyen proffered to the Government that in March 2006 he lived, worked and attended college in the Harrisburg area. Over two years earlier, Nguyen had dated a woman, Luyen Nguyen (the former girlfriend) who lived in Canada. Nguyen's former girlfriend sold

2

marijuana in Canada, an offense that was rarely prosecuted there. The former girlfriend worked for Thi Luyen Le, a drug dealer in Canada. Nguyen had met Le only a few times in Canada while visiting his former girlfriend. Nguyen had not spoken to Le for approximately two years prior to March 16, 2006.

    4. At approximately 9:30 pm on March 16, 2006, Nguyen received a call from the former girlfriend in Canada. The former girlfriend put Le on the phone. Le stated she had a major problem in the United States and had nowhere else to turn because she knew no one else in the area. Le explained that she had suitcases that were to be delivered to an unidentified man (the Illinois courier) in Philadelphia who could not be reached. The Illinois courier making the delivery had threatened to leave Philadelphia instead of making the delivery. Le asked if Nguyen would do her a favor by calling an Illinois cell phone number and telling the Illinois courier that her "husband" was on his way to pick up "the stuff." Nguyen stated that Le sounded panicked and fearful that she would be in trouble if Nguyen did not help her.[2]

    5. Telephone records confirm that Nguyen received a call from Canada at 9:23 pm on March 16, 2006.

    6. Nguyen called the number of the Illinois courier given to him by Le. The Illinois courier answered and stated he was waiting in Philadelphia. Nguyen told the Illinois courier that

---

    [2] The Government cites one substantial inconsistency in Nguyen's story. The Government contends that in Nguyen's March 28 statement he attributed the bulk of his phone conversations as being with his former girlfriend as an intermediary between Nguyen and Le. But as Nguyen's story evolved in the proffers, Nguyen admitted the bulk of his telephone contact during the events in question was directly with Le.
    The Government construes the additional disparities between Nguyen's March 28 story and later proffer statements as "minor factual variances . . . that can be discounted as attributable to failure or difference of recollection between [Nguyen's] different explanation of the events." Gov't Br. at 31.

3

"husband" would be visiting shortly.  Nguyen stated that the Illinois courier was angry, cursing, and impatient at having waited so long.

7. Telephone records provided by the Government confirm that Nguyen made a call to an Illinois number after speaking with the Canadian number on the evening of March 16.

8. Nguyen called Le back that evening.  Le asked Nguyen to travel to Philadelphia to meet the Illinois courier.  Nguyen refused explaining he was busy with college work.  Le then asked Nguyen to call her "brother" and gave Nguyen a Philadelphia cell phone number.  Nguyen called the Philadelphia cell phone number twice and left messages.

9. The Government confirms that the Philadelphia cell phone number called by Nguyen is the number of its Confidential Witness (CW).  The Government does not dispute that during this time CW was incommunicado because he was engaged in a separate DEA investigation.

10. Over the next 24 hours numerous calls were made between Nguyen, Le, the Illinois courier, and CW's cell phone.  When Le was unable to reach CW, she arranged for the Illinois courier to drive through Harrisburg and drop the suitcases off with Nguyen.

11. The Illinois courier delivered two trashbags to Nguyen on March 17, 2006.  Nguyen received these trashbags outside the nail salon where he was working.  Nguyen contends he did not ask nor did he know exactly what was inside the bags.  Nguyen understood the bags contained some type of drugs.  Nguyen put the bags in his car and drove to his roommate's home.  He first placed the bags in a shed outside the home, and later stored them in his bedroom.

12. On the afternoon of March 17, 2006, CW returned Nguyen's calls.  Nguyen asked CW to pick up the bags in Harrisburg but CW refused.  Nguyen contends he was angry about being thrust in the middle of this situation and wanted the bags picked up immediately.  Over the

next week, the bags remained with Nguyen.

       13. The telephone records reflect repeated calls to and from Le and CW during this time. Government transcripts of calls on March 21, 2006, are consistent with Nguyen's version of the facts. In one call between Nguyen and CW, CW asked Nguyen how fast Nguyen could get to Philadelphia. Nguyen refused to come to Philadelphia, stating he was too busy with college and requested that CW come to Harrisburg to pick up the trashbags. After this call, CW called Le. CW complained that Nguyen would not deliver the bags. Le responded that she only had Nguyen to help her. Le stated Nguyen was in college and had no way to get to Philadelphia. CW stated Nguyen sounded "fishy" when he spoke with Nguyen last week. CW also stated that Nguyen was unfamiliar with "things" and that Nguyen seemed unhappy. Le agreed that Nguyen was unhappy, but stated that she could not be picky. Le further offered that she would look around for someone else to make the delivery.

       14. Le then contacted Maurice Evans, a professional courier in Detroit. Nguyen did not know Evans. Le gave Evans' telephone number to Nguyen and gave Nguyen's telephone number to Evans. On the way to Harrisburg, Evans got lost. Evans arrived in Harrisburg late on March 27. Nguyen met Evans and purchased a hotel room for Evans with Nguyen's credit card. In the morning, Nguyen gave Evans the two trashbags.

       15. The Government confirms that on March 27, 2006, CW called Le and told her that they either had to resolve the deal or abandon it. Le and CW agreed on the monetary terms of the deal. Moments later, CW called Nguyen and asked if everything was ready for March 28. Nguyen confirmed everything was ready. Soon after, CW called Nguyen again. Nguyen stated that Evans had not called yet but was expected later that night. Nguyen stated Evans might not

arrive in Philadelphia until the following morning. Later in the evening of March 27, CW and Nguyen had a number of conversations about the arrival of Evans. During these calls, Nguyen suggested that Evans and CW meet at the Pho Ha Restaurant.

16. The Government arrested Evans in Philadelphia after he delivered the bags to CW at Pho Ha Restaurant.

17. On the morning of March 28, Le called Nguyen. Le stated CW would be bringing money to Nguyen. Le told Nguyen she or one of her associates would be pick up the money from him after it was delivered by CW. Le told Nguyen that she owed him. Nguyen stated that he did not know what he would be paid.

18. On the evening of March 28, Nguyen went to a bar near Harrisburg with his roommate. CW came to the bar and gave a bag of money to Nguyen. Nguyen contends he did not know how much money was in the bag.

19. After receiving the money, Nguyen was arrested.

20. On the evening of March 28, after his arrest, Nguyen agreed at the Government's request to call Le in Canada. Nguyen agreed to allow the Government to record the call. Nguyen called Le and stated that everything was all right.

21. Nguyen gave the Government Le's name, cell phone number, and any other contact information he had. Nguyen also gave the Government his former girlfriend's name, cell phone number, and any other contact information he had.

22. Nguyen's story was consistent with telephone records and transcripts of conversations recorded with CW.

23. The Government's argument that Nguyen's story was not truthful and complete was

based on the fact that Le had trusted Nguyen with $500,000 worth of drugs and later money.

24. I find the Government's contention that Nguyen has not told the whole truth unpersuasive because the facts and transcripts substantiate Nguyen's story. Le was in dire circumstances. Her drug deal was about to fall apart. She did not know anyone in the Philadelphia area and was forced to bring Nguyen into the deal. The urgent nature of the situation explains Nguyen's limited involvement. Le's recorded calls with CW indicate that Nguyen was the only person she knew in the area. The calls also confirm that Nguyen was unfamiliar with the operation and unwilling to drive the drugs to Philadelphia. Nguyen was anxious to get rid of the drugs. He has no significant prior record. At the time, Nguyen was enrolled in college and working at the nail salon in Harrisburg. It is unclear that Nguyen would have a motive to hide information from the Government that could potentially reduce his sentence.

25. Nguyen provided all the contact information he had for Le and the former girlfriend to the Government. He also made a recorded call at the Government's request to Le after he had been arrested to assure Le everything was all right.

26. I renew my finding that Nguyen qualifies for relief under 18 U.S.C. § 3553(f) because his proffer truthfully provided all information and evidence Nguyen had concerning the drug deal.

**INTERIM ORDER**

AND NOW, this 25 day of May 2007, it is ORDERED the defendant's motion for relief under 18 U.S.C. § 3553(f) is GRANTED.

_____
ANITA B. BRODY, J.

as. Speedy Trial

Copies **VIA ECF** on 05-29-07 to:       Copies **MAILED** on 05-29-07 to:

Stuart Patchen, Esq.                     Virk G. H. Nguyen, Deft.
Arnold & Fitchey [illegible]


O:\Andrew\Criminal\Nguyen\Nguyen Factual Findings1.wpd